```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

LLOYD F. AUDETTE,              )
                               )
          Plaintiff,           )
                               )
     v.                        ) C.A. No. 05-10403-DPW
                               )
UMASS CORRECTIONAL HEALTH,     )
ET AL.,                        )
          Defendant.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, 1) the Plaintiff's Application to Proceed Without Prepayment of Fees is Allowed and the filing fee is assessed pursuant to 28 U.S.C. §1915(b); 2) the Plaintiff's Motion for Service by Certified Mail is Denied; and 3) the Plaintiff's Motion for Appointment of Counsel is Denied without prejudice.

BACKGROUND

On February 24, 2005, Plaintiff Lloyd F. Audette, a prisoner at the Souza Baronowski Correctional Center, in Shirley, MA, filed his self prepared complaint alleging violations of the Americans with Disabilities Act, Title II of 1990, 42 U.S.C. §12101, et seq. as amended, Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794, and violation of the Eighth Amendment, pursuant to 42 U.S.C. §1983.  He alleges that the defendants, Department of Corrections and UMASS Correctional program, acted with medical neglect and malpractice, and deliberate indifference to his medical needs, by depriving him of necessary medications and treatment for his AIDS condition, as well as problems

associated with foot surgery. He claims to be suffering great pain and has lost a substantial amount of body weight. He alleges he has exhausted administrative remedies within the prison. He seeks $10 million in damages.

Along with his complaint, Plaintiff filed an Application to Proceed *in forma pauperis*, a motion for appointment of counsel, a motion to serve the defendants by certified mail, and an Ex Parte Motion for a Temporary Restraining Order.

On March 7, 2005, Chief Judge Young, acting as the emergency judge, denied Plaintiff's Motion for a Temporary Restraining Order; he also ordered that the complaint be served on the defendants in an expedited manner, and that by March 17, 2005, the defendants submit to the court a copy of Plaintiff's medical records and other supporting materials. The Court also directed the parties to <u>Kane v. Winn</u>, 319 F. Supp. 2d 162 (D. Mass. 2004) for a discussion of the issues presented by the complaint.

ANALYSIS

I. <u>The Application to Proceed Without Prepayment of Fees</u>

In his Application to proceed *in forma pauperis*, Plaintiff claims to be unemployed, without assets or income. He had been receiving social security benefits prior to his incarceration, due to his AIDS condition. His prison account statement indicates his six month average balance is $29.52. Accordingly, Plaintiff has demonstrated he is without

sufficient assets to pay the $250.00 filing fee applicable for civil actions, and his Motion for leave to proceed *in forma pauperis* is Allowed. The filing fee pursuant to 28 U.S.C. §1915(b) is assessed as an initial installment payment of $5.90.

II.  Motion for Service by Certified Mail

Because the Plaintiff's application to proceed *in forma pauperis* is Allowed, it is further Ordered that the costs of service of summonses be borne by the United States Marshal. Accordingly, the Motion for Service of Process by certified mail is denied as moot, however, Plaintiff is advised that he is ultimately responsible to ensure that service of process is made on the defendants. The Clerk's Office has made attempts to expedite this case by contacting the legal division of the Department of Corrections, in order to have counsel assigned to this case on behalf of all defendants, and to inquire whether counsel will agree to accept service of process. In the interim, the Plaintiff is directed to make service in accordance with Fed. R. Civ. P. 4, and the appropriate forms and instructions shall be sent to the Plaintiff.

III.    Motion for Appointment of Counsel

Under §1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a

constitutional right to free counsel[1]. <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. <u>Id</u>. To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself. <u>Id</u>. at 24 (citations omitted).

In accordance with this standard, Plaintiff's request for counsel is denied without prejudice. While Plaintiff's ability to pay for counsel may present a genuine problem (although I note that colorable medical malpractice cases are generally pursued on a contingent fee basis and that statutory attorney's fees may also be available, see, e.g., 42 U.S.C. §1988), this case fails to present an exceptional circumstance warranting appointment of counsel at this juncture. The fact that he is appearing *pro se*, has no funds, and, absent

---

[1] There is no authority for this court to pay for counsel appointed to civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of *pro bono* counsel to accept an appointment voluntarily. (<u>Cf</u>., 18 U.S.C. §3006A, appointment of counsel in habeas petitions under 28 U.S.C. §2241, §2254 and motions under §2255).

counsel, may not be on a level playing field with the Defendants, does not, in and of itself, provide sufficient justification for appointment. If such assertions were deemed sufficient to provide a basis for appointment of counsel, then virtually every *pro se* prisoner would qualify. Thus, those circumstances of themselves do not demonstrate an "exceptional circumstance."

Finally, turning to the case itself, the issues raised by the Plaintiff (ADA and §1983 claims), while serious, do not appear to present factually or legally complex claims, nor do they involve novel issues of law. Moreover, I find Plaintiff's complaint well organized and lucid.

Accordingly, the motion for appointment of counsel is denied at this time, without prejudice to renewing a motion after the Defendants have filed a response to the complaint, subject to Plaintiff's showing that appointment of counsel is warranted.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Application to Proceed *in forma pauperis* is Allowed.

2. Plaintiff's Motion for Service by Certified Mail is denied.

3. Plaintiff's motion for appointment of counsel is denied without prejudice after the Defendants have filed a response to the complaint, subject to Plaintiff demonstrating how appointment of counsel is in the interests of justice in this case.

SO ORDERED.

<u>March 8, 2005</u>                               <u>/s/ Douglas P. Woodlock</u>
DATE                                        HON. DOUGLAS P. WOODLOCK
                                            UNITED STATES DISTRICT JUDGE