```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

LLOYD F. AUDETTE,                              C.A. No. 05-10403-DPW
    Plaintiff,

    v.

UMASS CORRECTIONAL HEALTH,
    A Commonwealth Medicine Program,
    Defendant, and

DEPARTMENT OF CORRECTIONS,
    Kathleen M. Dennehy, Commissioner,
    Defendant.

### ANSWER TO THE COMPLAINT AND JURY TRIAL DEMAND BY THE COMMISSIONER, MASS. DEPARTMENT OF CORRECTION

Defendant Kathleen M. Dennehy ("Dennehy"), in her official capacity as Commissioner of the Massachusetts Department of Correction ("DOC"), answers the allegations of the Verified Complaint, paragraph by paragraph, as follows:

1. This paragraph is a jurisdictional statement to which no responsive pleading is required. To the extent that factual allegations are contained therein, Dennehy denies them.

2. The paragraph is an introductory statement to which no responsive pleading is required. To the extent that factual allegations are contained therein, Dennehy denies them.

3. Admit.

4. Dennehy admits that UMass Correctional Health provides certain medical services to inmates within the facilities of the DOC. Dennehy neither admits nor denies the remaining allegations contained in this paragraph, as they do not pertain to her.

2

5. Dennehy admits that she is the Commissioner of the Massachusetts DOC, and that her office is at the address alleged. The remaining allegations contained in this paragraph are legal conclusions which do not require a response.

6. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

10. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not pertain to her.

11. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not pertain to her.

12. Dennehy neither admits nor denies the allegations contained in this paragraph, as they do not pertain to her.

13. Dennehy admits that the plaintiff filed grievances regarding his health issues after his arrival at the Souza-

3

Baranowski Correctional Center ("SBCC"), but she denies that the podiatrist ordered the institution (SBCC) to supply him with Rockport walking shoes.

14. Dennehy admits that SBCC refused to supply the plaintiff with free Rockport walking shoes.

15. Dennehy admits that the plaintiff filed grievances and wrote letters of complaint to her regarding his medical issues, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

16. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. Dennehy denies that the podiatrist ordered orthopedic shoes for the plaintiff, but she is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

19. Deny.

20. Dennehy admits that the plaintiff refused to provide a urine specimen for toxicology screening at MCI-Norfolk and stated that he had ingested heroin and was subsequently transferred to higher security, but she denies that this

4

action was arbitrary. Dennehy is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

21. Deny.

22. Dennehy denies that the plaintiff provided a urine specimen to the DOC after his refusal to do so in December 2003 and before his reclassification to higher security. Dennehy admits that the plaintiff was sanctioned and moved to a higher security level based, in part, on his refusal to provide the urine specimen in December 2003, but she denies that this was due to his complaints about lack of medical treatment. Dennehy is without knowledge or information sufficient to form a belief as to whether the plaintiff is deemed 100% disabled by the Social Security Administration.

23. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

Dennehy hereby repeats her answers to paragraphs 1 through 23 as set forth herein.

24. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

Dennehy hereby repeats her answers to paragraphs 1 through 24 as set forth herein.

5

25. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

Dennehy hereby repeats her answers to paragraphs 1 through 25 as set forth herein.

26. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

Dennehy hereby repeats her answers to paragraphs 1 through 26 as set forth herein.

27. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy denies them.

Prayers for Relief

Dennehy opposes each and every request for relief sought by the plaintiff.

Affirmative Defenses

Dennehy raises the following affirmative defenses:

1.  The complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).
2.  The complaint is barred by the plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a).

6

3. Because of his acts or omissions, the plaintiff has waived any claims he might have against Dennehy for any of the matters asserted.

4. Because of his acts or omissions, the plaintiff is estopped from raising any claims he might have against Dennehy for any of the matters asserted.

5. Dennehy is protected by qualified immunity from suit, and all of her actions were within her qualified immunity. Dennehy's conduct at all relevant times was reasonable, in good faith, without malice or corruption, within the scope of her authority and not in disregard of settled principles of law.

6. Dennehy is not responsible for any injuries allegedly suffered by the plaintiff, if any injury in fact occurred.

<u>Jury Demand</u>

Dennehy demands a trial by jury on all issues so triable.

KATHLEEN M. DENNEHY

By her attorney,

NANCY ANKERS WHITE
Special Assistant Attorney General

Date: April 29, 2005          _/s/ DAVID J. RENTSCH_____
                              David J. Rentsch, Counsel
                              Legal Division
                              Department of Correction
                              70 Franklin Street, Suite 600
                              Boston, MA  02110-1300
                              (617) 727-3300, ext. 142
                              BBO #544926

7

CERTIFICATE OF SERVICE

    I, David J. Rentsch, certify that on this day I mailed a copy of the foregoing paper to Lloyd F. Audette, <u>pro se</u>, by first class mail, postage pre-paid, at the Souza-Baranowski Correctional Center, P.O. Box 8000, Shirley, MA  01464.


Date: April 29, 2005          __/s/ DAVID J. RENTSCH_____
                                   David J. Rentsch