UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10403-DPW

LLOYD F. AUDETTE
    Plaintiff,

v.

UMASS CORRECTIONAL HEALTH,
    A Commonwealth Medicine Program,
    Defendant, and

DEPARTMENT OF CORRECTION,
    Kathleen M. Dennehy,
    Defendant
Charlie Black,
Dr. Hazard, Defendants

( Amended Parties
( included are to be
( sued both individually
( as well as in their
( Official Capacity

## PLAINTIFF'S MOTION TO AMEND PLEADINGS
## INCLUDE OTHER PARTIES

Now comes the Plaintiff, Lloyd F. Audette, in the above entitled matter pursuant to Fed. R. Civ. P. 15, and United States District Court Rule 3.02 and hereby amends his original complaint and pleadings to include other parties and to include a claim for Retaliation on the part of the defendant's against the Plaintiff for asserting his legal rights.

This is a Civil Rights violation pursuant to 42 U.S.C.A. § 1983; Mass. Tort Claims Act G.L. c. 258 § 4.

### RELEVANT PARTIES TO BE INCLUDED

1. Charlie Black, Health Services Administrator for the Souza Baronowski Correctional Center, who has a business address of S.B.C.C./P.O. Box 8000, Shirley MA 01464.

1.

2. Dr. Hazard, an S.B.C.C. UMASS doctor who works from the Souza Baronowski Correctional Center and who has a business address of S.B.C.C./P.O. Box 8000, Shirley, MA 01464.

3. Any and all other unnamed/unknown defendants who may appear to be a party to this complaint after discovery has been established, presently unnamed defendants will be referred to as AB, CD, so forth.

## FACTS

1. On March 28, 2005, after the defendant's attorney filed their opposition to Plaintiff's Motion for a Temporary Restraining Order, Plaintiff filed a medical grievance stating that he was having problems with the methadone absorbtion into his bloodstream due to the AIDS medication SUSTIVA that he is taking.

2. The next morning while at the medication line, the nurse Roy [ ] stated to the Plaintiff that the doctor is taking Plaintiff off his pain management medication and would be decreasing the dose of methadone from 40 mg per day to 20 mg. per day for two days then to 10 mg for two days then to 0 mg..

3. On March 31, 2005, Plaintiff was called to the hospital unit and was seen by Dr. Hazard, while waiting to be seen, Plaintiff witnessed Charlie Black speak to Dr. Hazard.

4. Dr. Hazard gave Plaintiff check up and stated to Plaintiff that she was taking him off all his pain management medication and stated that Plaintiff could not take narcotic medication because Plaintiff is on antiviral medication.

5. When Plaintiff complained and stated to Dr. Hazard that this was a retaliatory act to harm Plaintiff because he has filed a civil action against defendant's Dr. Hazard stated that she was still taking Plaintiff off all pain medication.

6. Dr. Hazard stated that she would prescribe voltara, the substitute for viox, for two weeks to "Help you over the hump" knowing that Plaintiff would experience methadone withdrawals and further stated that after two weeks on nonnarcotic arthritis medication she would discontinue all pain medication.

7. Plaintiff receives pain medication because he has been diagnosed with severe neuropothy, a degenerative nerve desease caused by AIDS and the medication associated with AIDS and the only treatment is pain management, there is no cure.

8. Plaintiff has been treated for AIDS for over eighteen or so years and has never known of any doctor or treatment that states AIDS associated pain cannot be treated if the patient is on antiviral medication.

9. Defendant Charlie Black and Defendant Dr. Hazard are intentionally trying to cause the Plaintiff to suffer with pain in retaliation for exerting his civil rights.

10. Charlie Black admitted in his statement to Attorney James Bello that the Podiatrist Dr. King recommended the Plaintiff wear Rockport walking shoes but Dr. King never filled out a physician's order. (

11. Charlie Black lied to Attorney James Bello when he stated

that the Plaintiff receives SUSTIVA and DDI for Hepatitis C treatment.

12. Plaintiff recieves these medications for AIDS treatment.

13. Charlie Black stated that Dr. Stone stated that the literature warns of declined efficacy in the Hepatitis C drugs (SUSTIVA, DDI) when literature shows the exact opposite whereas SUSTIVA blocks the absorbtion of methadone into the bloodstream, not the other way around.

14. Plaintiff states that he has spoken to at least ten other inmates at this institution who all are having problems receiving medical treatment, evaluations and appointments also and that these complaints set forth in Plaintiff's complaint are commonplace at this institution.

15. Plaintiff is prepared to submit the names and statement of facts accompanied by affidavits of other inmates similarly situated having similar problems receiving medical treatment through UMASS Correctional Health services if this court will deem this complaint a class action.

16. Defendants have and are continuing to intentionally cause the Plaintiff to suffer with pain and now they are doing it as a retaliatory action.

17. When Plaintiff's weight was taken on March 31, 2005 by Dr. Hazard, Plaintiff weighed 142 lbs. and his blood pressure was high due to the withdrawal of methadone.

18. Defendant's have consistantly altered the Plaintiff's medications with out first checking the side effects or drug in-

teractions before changing the medications.

## CAUSE OF ACTION

19. Plaintiff reafirms and reincorperates the facts set forth in paragraphs 1-18 and alleges that the Defendants are acting in a retalitory nature in violation of 42 U.S.C.A. 1983 because Plaintiff is exerting his rights to civil remedy while defendants are acting under color of state law.

20. Plaintiff reafirms and reincorperates the facts set forth in paragraphs 1-19 and further alleges that he is reserving his rights to file motions for joinder or amended complaint to include a class of individuals similarly situated that the defendants arm harming while acting under color of state law.

## CLAIM FOR RELIEF

20. Plaintiff claims relief under 42 U.S.C.A. 1983 for defendant's retaliation against Plaintiff and seeks monetary damages, both punative and compensatory from all individuals so named both individually and in their official capacity while they acted under color of state law.

21. Plaintiff claims relief in any other form that the court will so order/ Mass. Tort Act G.L. c. 258 S 4.

## VERIFICATION

I Lloyd F. Audette am the Plaintiff in this action and the facts set forth herein are true and accurate to the best of my knowledge.

Signed under the penalties of perjury on this the 7th day of April, 2005.

_____
Lloyd F. Audette

                                        Respectfully submitted,
                                        By the Plaintiff, pro-se

                                        _____
                                        Lloyd F. Audette
                                        S.B.C.C./P.O. Box 8000
                                        Shirley  MA  01464



# UMASS CORRECTIONAL HEALTH
© A Commonwealth Medicine Program

## Inmate Grievance and Appeal Form

Facility: S.B.C.C.      Grievance ☒     Date: 3-28-05

Inmate First Name: Lloyd    ID#: W#80971    Appeal ☐    Date:

Inmate Last Name: Audette    Date of Birth: 12/31/??    Housing Unit: N1

**Summary of Grievance or Reason for Appeal (Attach Additional Sheets As Necessary):**

I spoke to Mindy the Infectious Desease nurse more than once and also showed her literature verifying that one of the HIV medications I am on, SUSTIVA, has a blocker in it that stops methadone from absorbing into my bloodstream and that I have been getting no effect from the methadone and am experiencing withdrawals from it every day. She told me she spoke to Dr. Hazard and she too agrees that sustiva does this but this problem was not resolved. I am either deemed to suffer in pain and withdrawals or stop taking my HIV medication. This is unaccepatble. I still have not gotten any results regarding the weight loss problem that has been going on for one year to date. I have lost a total of 45 pounds and still have not been evaluated for testosterone treatment as I was receiving on the street. I am also filing a complaint with the Board of Registration of Medicine as well as sending a copy of this grievance to the Commissioner and to the Clerk of Court.

**Remedy Requested (Attach Additional Sheets As Necessary):**

Correct this problem **TODAY, TOMORROW IS UNACCEPTABLE!!!!**

Inmate Signature: *Lloyd Audette*     Date: March 28-2005

- Completed forms may be filed with the HSA/DON/MHD or placing the form in the Sick Call Box. For inmates in special management units, forms may be handed to rounding HSU staff.
- An inmate may appeal the decision of the HSA/DON/MHD to the UMCH Medical Director.
- An appeal must be filed within ten (10) working days from the receipt of the decision by the HSA.
- Appeals should be filed with the HSA. For inmates in special management units, forms may be handed to rounding HSU staff.
- An inmate may file the appeal directly with the UMCH Medical Director, by sending it to
  Medical Director
  UMass Correctional Health
  One Research Drive – Suite 120C
  Westborough, MA 01581

**Health Services Unit Use ONLY**

Date Received: 4/1/05    Staff Recipient: CB    Routed To:

cc. Kathleen Dennehy
    Clerk Federal Court/ Audette v. UMASS et al No. 05-10404-DPW

05-134

To: Lloyd Audett, N-1
From: Charlie Black, Health Service Administrator
Date: April 5, 2005
Re: Grievance 05-134

The methadone is being tapered by Dr. Hazard. You are being seen at the Endocrinology clinic today. Dr. Stone and and Dr. Hazard will review the written consult when you return and will make decisions concerning what the next steps are in your treatment plan.