UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 05-10403DPW

LLOYD F. AUDETTE, )
    Plaintiff, )
)
)
V. )
)
)
UMASS CORRECTIONAL HEALTH, )
    A Commonwealth Medicine Program, )
    Defendant, and )
)
DEPARTMENT OF CORRECTIONS, )
    Kathleen M. Dennehy, Commissioner, )
    Defendant, )

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Now comes Lloyd F. Audette, Plaintiff pursuant to Fed. R. Civ. P. R. 12(f) and hereby moves this Honorable Court to strike all the defendant's affirmative defenses.

As grounds thereof the Defendant's affirmative defenses fail in that:

1. Defendant's First Defense, Plaintiff's failure to state a claim upon which relief can be granted fails in that Plaintiff did state several claims upon which relief can be granted and even if he hadn't the law is clear in Reardon v. Commissioner of Correction, 20 Mass. App. Ct. 946; Kane v. Winn, 319 F.Supp. 2d 162 (D.Mass. 2004)

1.

2.  Defendant's second defense admits that UMASS Correctional Health provides certain medical services to inmates within facilities of the Dept. of Correction. This also barred the Defendant's Sixth Defense.

Count I and Count II defense fails in that these issues were addressed in Tennessee v. Lane, 124 S.Ct 1978 (U.S. 2004); Patrick v. Staples, 780 F.Supp. 1528; See Shedlock v. Com'n of Correction, 748 N.E. 2d 1057, 51 Mass. App. Ct. 1112 (2001) (2002 WL 31356205 (Mass. Super. 2002))

3.  Defendant's third defense fails in that Plaintiff is entitled to relief under the deliberate indifference standard. Kelly v. McGinnis, 899 F.2d 612(C.A.7(III)1990); Farmer v. Brennan, 114 S.Ct. 1970(1994)("risk of serious damage to his future health." Helling, 509 U.S. at 35).

4.  Defendant's fourth defense fails in that defendant admitted to being the health care provider for the Department of Corrections.

5.  Defendant's fifth defense fails in that the statute of limitations has not expired and even if it had the Plaintiff's claims are an ongoing complaint and therefore no statute of limitations applies until after the harmful treatment is completed.

6.  Defendant's sixth defense fails in that the defendant admitted being the health care provider for the Dept. of Correction.

7.  Defendant's seventh defense fails in that "[i]t is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of liberty, care for himself." Estelle v. Gamble, 429 U.S. 97 (1976)(citation omitted).

8.  Defendant's eighth defense fails in that the Plaintiff did not at any time , by his conduct or action waive any of his rights and is therefore entitled by law to recover from this complaint.

9.  Defendant's ninth defense fails for the same reasons stated in paragraph no. 7 above.

10. Defendant's tenth defense fails in that they are not protected by qualified immunity. See Estelle and related cases; Atkinson v. Taylor, 316 F.3d 257(3rd Cir.2003).

11. Defendant's eleventh and twelth defense fails in that the Plaintiff is granted longitude in preparing his complaint and and exhausting his remedies. See Kane v. Winn, 319 F.Supp.2d 162, Rodriguez v. Westchester County Jail,373 F.3d 485(2004)

WHEREFORE, Plaintiff also demands trial by jury or in the alternative, Court ordered settlement once all discovery is completed.

3.

Respectfully submitted,
The Plaintiff,

Lloyd F. Audette, pro-se
S.B.C.C./P.O. Box 8000
Shirley, MA  01464

I hereby certify that I have
served upon all defendants a true
copy of the above document by mail on this
___14___ day of April, 2005

Lloyd F. Audette

4.