UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LLOYD F. AUDETTE,<br>  Plaintiff,<br><br>VS.<br><br>UMASS CORRECTIONAL HEALTH,<br> A Commonwealth Medicine Program,<br>  Defendant, and<br><br>DEPARTMENT OF CORRECTION<br> Kathleen M. Denney, Commissioner,<br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 05-10403-DPW |

**DEFENDANT, UMASS CORRECTIONAL HEALTH'S,
<u>MOTION TO TRANSFER THE
MATTER TO THE SUPERIOR COURT</u>**

NOW COMES the defendant, UMass Correctional Health ("UMCH"), and hereby moves to transfer this matter to Superior Court. In support of this motion, the defendant states as follows:

1. The plaintiff filed his original Complaint in the United States District Court on February 24, 2005. The Complaint alleges that the plaintiff suffered harm as a result of the defendants' deliberate indifference to his serious medical needs.

2. Specifically, plaintiff's Complaint alleges malpractice by UMass Correctional Health for improper treatment of his HIV and Hepatitis C.

3. In place of his original Complaint, plaintiff's counsel now seeks to amend the Complaint, adding parties. Specifically, Mr. Audette's Amended Complaint seeks to add UMCH employees, Augustin Enaw, M.D., Lorraine Hazard, M.D., and Charlie Black.

4. Pursuant to G.L. c. 231, §60B, healthcare providers are entitled to have all matters arising out of an alleged error or mistake in the provision of professional services to be heard by a malpractice tribunal in the Superior Court to determine whether or not the plaintiff's evidence,

958872v1

if properly substantiated, is sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the plaintiff's claim is merely an unfortunate medical result. G.L. c. 231, §60B; <u>Leininger v. Franklin Medical Center</u>, 404 Mass. 245 (1989).

5. Additionally, a malpractice tribunal shall be convened in actions sounding in tort and contract. <u>Salem Orthopedic Surgeons, Inc. v. Quinn</u>, 377 Mass. 514 (1979).

6. In the instant case, the plaintiff's Amended Complaint seeks to include two doctors and the UMCH Health Service Administrator, all healthcare providers. Plaintiff's original Complaint also already includes a claim against UMCH, the healthcare provider for all the Massachusetts Department of Correction's prison facilities.

7. Mr. Audette's original Complaint states that "plaintiff is a state prisoner seeking relief against medical neglect and malpractice by prison officials acting under the color of state law."

8. Therefore, the allegations in both the original Complaint, and plaintiff's Amended Complaint, if allowed, must be heard by a medical malpractice tribunal, pursuant to G.L. c. 231, §60B.

Accordingly, for the above-stated reasons, this matter should be transferred to the Superior Court for the purpose of convening a medical malpractice tribunal.

|  |  |
|---|---|
| I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on the 18th day of August, 2005.<br><br>/S/ James A. Bello<br>_____<br>James A. Bello / Lisa R. Wichter | Respectfully Submitted,<br>The Defendant,<br>UMASS CORRECTIONAL HEALTH,<br>By its attorneys,<br><br>/S/ James A. Bello<br>_____<br>James A. Bello, BBO #633550<br>Lisa R. Wichter, BBO #661006<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |

2

958872v1