UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LLOYD F. AUDETTE,                                  C.A. No. 05-10403-DPW

    Plaintiff,

    v.

UMASS CORRECTIONAL HEALTH PROGRAM, a
Program of the UNIVERSITY OF MASSACHUSETTS
MEDICAL SCHOOL; KATHLEEN M. DENNEHY,
Commissioner of Correction; LOIS RUSSO,
Superintendent of the Souza-Baranowski
Correctional Center, and her predecessors
and successors; AUGUSTIN ENAW, M.D.;
LORRAINE HAZARD, M.D.; and CHARLIE BLACK,

    Defendants.

## ANSWER TO THE FIRST AMENDED COMPLAINT WITH JURY DEMAND BY KATHLEEN M. DENNEHY AND LOIS RUSSO

Defendants Kathleen M. Dennehy ("Dennehy") and Lois Russo ("Russo") answer the allegations of the First Amended Complaint, paragraph by paragraph, as follows:

The first two unnumbered paragraphs are introductory statements which do not call for a responsive pleading. To the extent that factual allegations are contained therein, Dennehy and Russo deny them, except that they admit that the plaintiff ("Audette") is an inmate at the Souza-Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts.

    1. Admit.

    2. Admit.

    3. Admit.

    4. Admit.

    5. Dennehy and Russo neither admit nor deny the allegations

2

    contained in this paragraph as they do not pertain to them.

6. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

7. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

8. This paragraph is a jurisdictional statement which does not call for a responsive pleading.

9. This paragraph is a statement of venue which does not call for a responsive pleading.

10. Dennehy and Russo deny the allegations contained in the first sentence of this paragraph, and, further answering, state that Audette was committed to the DOC on November 7, 2002. Dennehy and Russo admit the allegations contained in the second sentence of this paragraph.

11. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

12. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

14. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the

3

averments contained in this paragraph.

15. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

20. Dennehy and Russo admit that Audette was given extra snacks during this time period, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

21. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

22. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the

4

averments contained in this paragraph.

23. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

24. Dennehy and Russo admit that Audette was treated at the Lemuel Shattuck Hospital in Boston on April 19, 2005, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

25. Dennehy and Russo admit that Audette was treated at the New England Medical Center on April 21, 2005, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

26. Dennehy and Russo admit that the plaintiff's counsel submitted a doctor's report to the Court on May 16, 2005, and, further answering, state that the document speaks for itself.

27. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

28. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

29. Dennehy and Russo are without knowledge or information

5

sufficient to form a belief as to the truth of the averments contained in this paragraph.

30. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

31. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

32. Dennehy and Russo admit that Audette obtained a pair of "Rockport" shoes at some point in time, either before or during his incarceration, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

33. Dennehy and Russo admit that Audette was permitted to wear "Rockport" shoes while incarcerated at MCI-Norfolk during the period of time alleged and that the "Rockport" shoes were confiscated from him prior to his transfer to SBCC, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

34. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

35. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the

6

averments contained in this paragraph.

36. Dennehy and Russo admit that Audette was seen by a podiatrist on or about January 18, 2005, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Dennehy and Russo deny that any such request was received, and, for this reason, they admit that no response was given to Audette.

42. Dennehy and Russo admit that the DOC has not provided Audette with free "Rockport" walking shoes, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

43. Dennehy and Russo admit that the plaintiff filed this lawsuit on or about February 16, 2005, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

44. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the

7

averments contained in this paragraph.

45. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

46. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

47. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

48. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

49. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

50. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

51. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

52. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8

53. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

54. Dennehy and Russo admit that Audette was confined in the Special Management Unit at SBCC on the date in question and that security restrictions in that unit provide for "non-contact" attorney-client visits, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph.

55. Dennehy and Russo are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

56. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

57. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

58. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

59. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

60. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

61. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

9

62. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

63. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

64. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

65. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

66. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

67. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

68. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

69. Admit.

70. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy and Russo deny them.

71. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy and Russo deny them.

72. Deny.

73. Deny.

74. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

10

75. The averment contained in this paragraph is a conclusion of law which does not require a response.

76. Deny.

77. Deny.

78. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy and Russo deny them.

79. Deny.

80. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

81. Dennehy and Russo neither admit nor deny the allegations contained in this paragraph as they do not pertain to them.

82. The averments contained in this paragraph are conclusions of law which do not require a response. To the extent that factual allegations are made, Dennehy and Russo deny them.

83. Deny.

84. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Dennehy and Russo incorporate their answers to each of the foregoing paragraphs as if fully set forth herein.

90. Deny.

11

91. Deny.

92. Deny.

93. Deny.

Request for Relief

Dennehy and Russo oppose each and every request for relief sought by the plaintiff.

Affirmative Defenses

Dennehy and Russo raise the following affirmative defenses:

1. The complaint fails to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).

2. The complaint is barred by the plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e)(a) and Mass. Gen. L. c. 127, § 38F.

3. To the extent that Dennehy and Russo are accused of negligence, they are immune from suit under state law, Mass. G.L. c. 258, § 2.

4. Because of his acts or omissions, the plaintiff has waived any claims he might have against Dennehy and Russo for any of the matters asserted.

5. Because of his acts or omissions, the plaintiff is estopped from raising any claims he might have against Dennehy and Russo for any of the matters asserted.

6. Dennehy and Russo are protected by qualified immunity from suit, and all of their actions were within their

12

qualified immunity. The conduct of Dennehy and Russo at all relevant times was reasonable, in good faith, without malice or corruption, within the scope of their authority and not in disregard of settled principles of law.

7. Dennehy and Russo are not responsible for any injuries allegedly suffered by the plaintiff, if any injury in fact occurred.

Jury Demand

Dennehy and Russo demand a trial by jury on all issues so triable.

                  KATHLEEN M. DENNEHY and LOIS RUSSO

                  By their attorney,

                  NANCY ANKERS WHITE
                  Special Assistant Attorney General

Date: September 16, 2005      _/s/ DAVID J. RENTSCH_____
                                      David J. Rentsch, Counsel
                                      Legal Division
                                      Department of Correction
                                      70 Franklin Street, Suite 600
                                      Boston, MA  02110-1300
                                      (617) 727-3300, ext. 142
                                      BBO #544926