UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LLOYD F. AUDETTE,<br><br>    Plaintiff,<br><br>  v.<br><br>UMASS CORRECTIONAL HEALTH PROGRAM, a program of the UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL; KATHLEEN M. DENNEHY, Commissioner of Correction; LOIS RUSSO, Superintendent of Souza-Baranowski Correctional Center, and her predecessors and successors; AUGUSTIN ENAW, M.D.; and CHARLIE BLACK,<br><br>    Defendants. | CIVIL ACTION<br>NO. 05-10403-DPW |

**JOINT MOTION TO EXTEND DISCOVERY,
AMEND SCHEDULING ORDER, AND FOR OTHER RELIEF**

Plaintiff, Lloyd Audette ("Mr. Audette"), and defendants, UMass Correctional Health, Augustin Enaw, M.D., and Charles Black (together, "UMCH"), respectfully move to extend the non-expert discovery deadline, and all other dates set forth in the Court's Scheduling Order dated May 10, 2006, by ninety (90) days. In addition, UMCH respectfully moves pursuant to Fed. R. Civ. P. 30 for leave to depose Mr. Audette, who is a prisoner at Souza-Baranowski Correctional Center ("SBCC"). Finally, Mr. Audette respectfully seeks leave of this Court, pursuant to Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(C), to take up to a total of fifteen (15) depositions. As grounds for this motion, the parties state as follows:

*__Wrongful Coadministration of Drugs.__*

1. This case involves a medical malpractice claim by Mr. Audette against defendants, UMass Correctional Health and Augustin Enaw, M.D. ("Dr. Enaw"), as well as various alleged civil rights violations against the remaining defendants. The basis for the

medical malpractice claim is that Dr. Enaw, one of Mr. Audette's treating physicians and the Medical Director at Souza-Baranowki Correctional Center ("SBCC"), on January 3, 2005 prescribed Ribavirin for Mr. Audette as part of a combination therapy for Hepatitis C ("HCV"), despite the fact that Mr. Audette was receiving Epivir (also known as ddI). The plaintiff alleges that the two drugs are contraindicated, and Mr. Audette contends that he suffered physical harm and emotional distress as a result of the coadministration of these two drugs. The defendants deny that they were negligent or deliberately indifferent to plaintiff's medical needs, or that anything they did or failed to do caused injury or harm to Mr. Audette.

2.   At the August 22, 2006 deposition of Dr. Enaw, he testified that prior to signing the January 3, 2005 prescription order for Ribavirin, he relied on the recommendation of a specialist then at the Lemuel Shattuck Hospital, Ioana Bica, M.D. ("Dr. Bica"), made on January 28, 2004, one year prior to the commencement of Mr. Audette's HCV therapy. Dr. Enaw also testified that he relied on outside specialists, David R. Stone, M.D. ("Dr. Stone") and Barbara H. McGovern, M.D. ("Dr. McGovern"), both also affiliated with the Lemuel Shattuck Hospital, to manage Mr. Audette's infectious disease care.

3.   Although this testimony was unexpected, Mr. Audette cannot discount the possibility that other medical personnel may be responsible in part for the coadministration of these two drugs, and the attendant physical harm and emotional distress he allegedly suffered.

4.   With leave of Court for a ninety (90) day extension of non-expert discovery, Mr. Audette intends to pursue additional fact discovery concerning the coadministration of these drugs, including, but not limited to, document requests and depositions of Dr. Bica, Dr. Stone, and Dr. McGovern. Once Mr. Audette has pursued this discovery, he will be in a better position to evaluate whether additional allegations of malpractice against current defendants or additional

parties should be made, and will move to amend his Complaint accordingly. Mr. Audette believes he can complete this discovery and amend his Complaint within the next ninety (90) days.

### *Pain Management Issues*

5.  Mr. Audette contends that he was denied pain management therapy for his chronic neuropathic pain from early April 2005 until early June 2005 in violation of 42 U.S.C. § 1983. In the course of discovery, Mr. Audette has learned that some pain management therapy decisions in the spring and summer of 2005 were referred to a "Pain Management Committee" comprised of SBCC medical staff, DOC pharmacy staff, as well as personnel from the Massachusetts Department of Correction.

6.  To date, Mr. Audette has been unable to establish definitively what members of UMass Correctional Health and Department of Correction staff were present at an April 27, 2005 Pain Management Committee meeting, at which the Committee was unable to discuss Mr. Audette's pain management issues. Plaintiff contends that the Committee instead left Mr. Audette's case for the next meeting, which took place approximately one month later. During that time, Mr. Audette contends that he suffered considerable pain. The defendants deny that there was any delay in treating Mr. Audette's pain management issues.

7.  These discovery difficulties further warrant a ninety (90) day extension of non-expert discovery, to permit Mr. Audette to pursue further fact discovery regarding the Pain Management Committee, including, but not limited to, a Rule 30(b)(6) deposition of UMass Correctional Health concerning these issues. Based on what is learned over the course of this additional discovery, Mr. Audette may move to amend his Complaint.

### *The Parties Have Been Diligent In Conducting Discovery*

8.    The parties have been diligent in pursuing discovery, and respectfully submits that this additional time is necessary to allow them to complete their investigation of the issues in this matter.  The requested extension is necessitated by scheduling conflicts among counsel, as well as unexpected developments during the course of discovery, and not as a result of any recalcitrance on the part of any of the parties.

9.    To date, Mr. Audette has conducted seven depositions:  Michael Rodrigues of the Department of Correction on February 24, 2006; Mindy Bowen of UMass Correctional Health on June 1, 2006; Mark Schnabel of UMass Correctional Health on June 5, 2006; Charles Black of UMass Correctional Health on June 6, 2006; Philip Tavares, M.D. of UMass Correctional Health on June 27, 2006; Lorraine Hazard, M.D. of UMass Correctional Health on August 3, 2006; and Dr. Enaw of UMass Correctional Health on August 22, 2006.

10.    In accordance with the phased discovery ordered in this matter, Mr. Audette initially noticed the deposition of Dr. Enaw for June 27, 2006.  As an accommodation to UMCH and counsel, Mr. Audette agreed to defer that deposition until July 28, 2006.  Again at UMCH's request, and due to the lack of an available physician to cover for Dr. Enaw at SBCC, Mr. Audette agreed to defer the deposition of Dr. Enaw from July 28, 2006 until August 22, 2006.

### *Certain Outstanding Discovery Disputes Are In The Process Of Being Resolved*

11.    On June 9, 2006 counsel for Mr. Audette forwarded correspondence to counsel for UMCH, seeking certain documents which had not yet been produced but which Mr. Audette contends are responsive to the document request that Mr. Audette served on UMCH on December 22, 2005.  On June 22, 2006, counsel for UMCH responded, and produced certain additional documents.  After additional depositions were taken (Dr. Tavares on June 27, 2006

-5-

and Dr. Hazard on August 3, 2006), counsel for Mr. Audette followed up with another letter to counsel for UMCH on August 15, 2006, seeking certain additional documents, all of which Mr. Audette contends are responsive to Mr. Audette's initial document request, dated December 22, 2005. The parties are working cooperatively to resolve this issue, and believe they can resolve it well within the ninety (90) day extension period.

12. On July 19, 2006, counsel for Mr. Audette sent a letter to counsel for the DOC pertaining to one category of Mr. Audette's December 22, 2005 request for documents and things, focused on certain video recordings. On July 21, 2006, counsel for the DOC responded, seeking a clarification of the request and indicating that he would contact counsel for Mr. Audette when he had further information to provide. On August 1, 2006, counsel for Mr. Audette followed up with an e-mail. The parties are working cooperatively to resolve this issue, and believe they can resolve it well within the ninety (90) day extension period.

13. Therefore, as an additional basis for this request for a ninety (90) day extension, the parties respectfully submit that this time is required to continue to try and resolve these outstanding disputes regarding the production of documents and things without recourse to a motion to compel.

### *Proposed Schedule and Other Relief Sought*

14. For the reasons set out above, the parties respectfully request that the Court extend the non-expert discovery deadline, and all other dates set forth in the Court's Scheduling Order dated May 10, 2006, by ninety (90) days. The parties respectfully submit the following Proposed Schedule:

| | |
|---|---|
| Complete all non-expert discovery | November 28, 2006 |
| File Motion to Amend Complaint and Amended Complaint, if necessary | November 28, 2006 |

| | |
|---|---|
| Status Report | December 5, 2006 |
| Status Conference | December 12, 2006 |
| Plaintiff identifies trial expert(s) and serves initial expert report | December 13, 2006 |
| Defendants identify trial expert(s) and serves initial expert report | January 12, 2007 |
| Parties to file dispositive motions | January 12, 2007 |
| Plaintiffs serves rebuttal expert report(s) | February 1, 2007 |
| Complete expert depositions | March 2, 2007 |
| Status report due | March 30, 2007 |
| Pretrial conference | April 6, 2007 |

15.     In addition, because Mr. Audette has already taken seven depositions, needs to take a number of additional depositions (including Dr. Stone, Dr. McGovern, Dr. Bica, and a UMass Correctional Health 30(b)(6) deponent) to resolve the issues raised at the deposition of Dr. Enaw, and still must depose any experts proffered by the Defendants, Mr. Audette respectfully seeks leave, pursuant to Fed. R. Civ. P. 30(a)(2)(A) and Local Rule 26.1(C), to take up to a total of fifteen (15) depositions.

16.     UMCH also requires additional time to depose Mr. Audette.  Because Mr. Audette is incarcerated at SBCC, UMCH must satisfy certain procedural requirements, including seeking leave to depose Mr. Audette pursuant to Fed. R. Civ. P. 30.  Mr. Audette and the DOC assent to UMCH's motion pursuant to Fed. R. Civ. P. 30, and will work cooperatively with UMCH to complete the deposition of Mr. Audette within the ninety (90) day extension.

WHEREFORE, for the above reasons, the parties request that this Court enter an Order:

(1) approving the Proposed Schedule set out herein;

(2) granting UMCH's request to depose Mr. Audette; and

(3) granting Mr. Audette leave to take up to a total of fifteen (15) depositions.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned counsel for Mr. Audette attempted to confer with counsel for the DOC in good faith to resolve or narrow the issues presented by this motion. DOC counsel of record is on vacation and unable to be reached. DOC counsel William D. Saltzman, on behalf of DOC counsel of record, states that DOC neither objects nor assents to this motion.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| **LLOYD F. AUDETTE,** | **UMASS CORRECTIONAL HEALTH, AUGUSTIN ENAW, M.D., and CHARLES BLACK,** |
| By his attorneys, | By their attorneys, |
| | |
| */s/ Brandon L. Bigelow* | */s/ James A. Bello* |
| Donald J. Savery, BBO #564975 | James A. Bello, BBO# 633550 |
| Rheba Rutkowski, BBO #632799 | Lisa R. Wichter, BBO# 661006 |
| Brandon L. Bigelow, BBO #651143 | Morrison Mahoney LLP |
| T. Peter R. Pound, BBO #657378 | 250 Summer Street |
| Bingham McCutchen LLP | Boston, MA 02210 |
| 150 Federal Street | (617) 439-7500 |
| Boston, MA 02110-1726 | |
| (617) 951-8000 | |

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel of record for each other party electronically via the CM/ECF system on August 28, 2006.

*/s/ Brandon L. Bigelow*
Brandon L. Bigelow