UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LLOYD F. AUDETTE,<br><br>              Plaintiff,<br><br>      v.<br><br>UMASS CORRECTIONAL HEALTH PROGRAM, a program of the UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL; KATHLEEN M. DENNEHY, Commissioner of Correction; LOIS RUSSO, Superintendent of Souza-Baranowski Correctional Center, and her predecessors and successors; AUGUSTIN ENAW, M.D.; and CHARLIE BLACK,<br><br>              Defendants. | CIVIL ACTION<br>NO. 05-10403-DPW |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE
## REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND COMPLAINT

Pursuant to Local Rule 7.1(b)(3), plaintiff, Lloyd F. Audette, respectfully seeks leave to file a brief, six-page Reply Memorandum in Support of Motion to Amend Complaint ("Reply Memorandum") in response to (1) the Opposition of Proposed Defendants, Philip Tavares, M.D., Angela D'Antonio, N.P., and Mark Schnabel, N.P. (the "Proposed UMCH Defendants") to Plaintiff's Motion to Amend the Complaint; and (2) the Opposition of Proposed Defendants, Ioana Bica, M.D. and David R. Stone, M.D. (the "Proposed Doctor Defendants") to Plaintiff's Motion to Amend the First Amended Complaint.

Mr. Audette's short Reply Memorandum will assist the Court by briefly addressing certain issues raised in the Proposed UMCH Defendants' and the Proposed Doctor Defendants' Oppositions and will assist the Court in its determination of the Motion to Amend Complaint. For instance, in support of their futility argument, Proposed UMCH

Defendants' eighteen (18) page Opposition raises a number of issues not addressed by Mr. Audette in his Motion to Amend, including extensive excerpts and citations to the discovery record. Mr. Audette requires the opportunity to respond to this futility argument, to explain that the Proposed UMCH Defendants misapply the standard applicable for the consideration of a motion to amend. The Proposed UMCH Defendants' and the Proposed Doctor Defendants' Oppositions also raise issues concerning the timing of the Motion to Amend and the diligence of Mr. Audette's *pro bono* counsel in undertaking discovery. Mr. Audette requires the opportunity to respond to these arguments and to explain, for example, that the Motion to Amend is (1) timely -- discovery was completed in this complex case in a diligent manner and Mr. Audette sought leave to assert his claims against the Proposed UMCH and Doctor Defendants as soon as practicable; (2) not prejudicial to the Proposed UMCH and Doctor Defendants; and (3) in the best interests of judicial economy.

In sum, the Proposed UMCH Defendants' and the Proposed Doctor Defendants' lengthy Oppositions require a short reply to assist the court in resolving the issues raised.

Wherefore, for all of the foregoing reasons, Mr. Audette respectfully requests that the Court allow him to file the Reply Memorandum attached as <u>Exhibit A</u>.

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATION</u>

Counsel for Mr. Audette hereby certifies that counsel for Mr. Audette conferred with counsel for defendant, Department of Corrections, on December 5, 2006, who assented to the filing of this motion for leave to file reply memorandum. Counsel for Mr. Audette hereby certifies that counsel for Mr. Audette conferred with counsel for defendant, UMass Correctional Health Program, and the Proposed UMCH Defendants, on December 8, 2006, in an attempt to narrow the issues presented in this motion for leave to file reply. Counsel

for Mr. Audette hereby certifies that counsel for Mr. Audette conferred with counsel for the Proposed Doctor Defendants on December 8, 2006, in an attempt to narrow the issues presented in this motion for leave to file reply.

Respectfully submitted,

**LLOYD F. AUDETTE,**

By his attorneys,


/s/ T. Peter R. Pound
Donald J. Savery, BBO #564975
Rheba Rutkowski, BBO #632799
Brandon L. Bigelow, BBO #651143
T. Peter R. Pound, BBO #657378
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: December 11, 2006

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the above document was served upon counsel of record for each other party and upon counsel for proposed new defendants via the ECF/CM system on December 11, 2006.

/s/ T. Peter R. Pound
T. Peter R. Pound

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LLOYD F. AUDETTE,<br><br>             Plaintiff,<br><br>     v.<br><br>UMASS CORRECTIONAL HEALTH PROGRAM, a program of the UNIVERSITY OF MASSACHUSETTS MEDICAL SCHOOL; KATHLEEN M. DENNEHY, Commissioner of Correction; LOIS RUSSO, Superintendent of Souza-Baranowski Correctional Center, and her predecessors and successors; AUGUSTIN ENAW, M.D.; and CHARLIE BLACK,<br><br>             Defendants. | CIVIL ACTION<br>NO. 05-10403-DPW |

## PLAINTIFF'S REPLY MEMORANDUM
## IN SUPPORT OF MOTION TO AMEND COMPLAINT

Plaintiff, Lloyd F. Audette ("Mr. Audette"), respectfully submits this brief reply to respond to issues raised by proposed new defendants, Angela D'Antonio, Mark Schnabel, and Philip Tavares, M.D. (the "Proposed UMCH Defendants"), as well as proposed new defendants Ioana Bica, M.D. and David Stone, M.D. (the "Proposed Doctor Defendants"), in their Oppositions to Mr. Audette's Motion to Amend Complaint. Relying upon extensive excerpts and citation to the discovery record, the Proposed UMCH Defendants in their opposition prematurely and inappropriately seek summary judgment. Moreover, and contrary to the claims of the Proposed UMCH Defendants and Proposed Doctor Defendants, Mr. Audette's *pro bono* counsel has completed discovery in this complex case in a diligent manner, and Mr. Audette sought leave to assert his claims against these defendants as soon

as practicable.  Mr. Audette respectfully asks that this Court allow his Motion to Amend Complaint, and schedule a Rule 16 conference for all new parties.

## I.     AMENDMENT OF THE COMPLAINT WOULD NOT BE FUTILE.

Mr. Audette seeks leave to amend his complaint, in part, to add claims under 42 U.S.C. § 1983 against Angela D'Antonio, Mark Schnabel, and Philip Tavares, M.D., medical care providers at Souza-Baranowski Correction Center ("SBCC") who are alleged to have been deliberately indifferent to Mr. Audette's painful neuropathic condition during and after a so-called "Pain Management Committee" meeting at SBCC in April 2005.  "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion."  *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (noting that futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted").

Although the Proposed UMCH Defendants acknowledge that the Rule 12(b)(6) standard of review is the appropriate standard in considering Mr. Audette's Motion to Amend (Proposed UMCH Defts.' Opp. at 10), they nevertheless have submitted an 18 page opposition with extensive excerpts and citation to the discovery record arguing that Mr. Audette's amendment would be futile because "there is no *evidence* in this case that Ms. D'Antonio played a significant role in managing Mr. Audette's pain or that she had any control over his pain management," and "[t]here is no *evidence* that either Mr. Schnabel or Dr. Tavares was responsible for the PMC's inability to discuss Mr. Audette's case . . . nor that either of these individuals was event at the PMC meeting on April 27, 2005"  (Opp. at 13 (emphases added)).  Nowhere do the Proposed UMCH Defendants address the <u>allegations</u> of the proposed Second Amended Complaint, or explain why those allegations fail to state a

-2-

claim upon which relief may be granted.  *See Glassman*, 90 F.3d at 623.  For this reason, Proposed UMCH Defendants' Opposition completely misses the mark.

To be certain, Mr. Audette looks forward to the opportunity to address the issues raised in the Proposed UMCH Defendant's Opposition when those issues are properly before the Court, *i.e.* in connection with a summary judgment and, in due course, at trial. Through discovery, it appears to be the position of UMCH that nobody is responsible for omissions at SBCC that result in serious harm to prisoners, a position that Mr. Audette looks forward to testing before the Court or a jury.  Mr. Audette has alleged that because of concerns over drug interactions, his pain management therapy was referred to the so-called "Pain Management Committee" at SBCC in April 2005.  Second Am. Compl., ¶ 60-63. Medical providers at the meeting did not discuss Mr. Audette's case, allegedly because a pharmacist had experienced technical difficulties.  Second Am. Compl., ¶ 64.  Whatever difficulties there may have been, and although aware that Mr. Audette's pain management therapy was inadequate, those medical providers took no action in connection with Mr. Audette's painful condition.  Second Am. Compl., ¶ 65.  Mr. Audette intends to prove that these omissions were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Miranda v. Munoz*, 770 F.2d 255, 259 (1st Cir. 1989).  He need not so do today.

## II.    *PRO BONO* COUNSEL PURSUED DISCOVERY DILIGENTLY AND MR. AUDETTE'S PROPOSED AMENDED COMPLAINT IS TIMELY AND NON-PREJUDICIAL.

Both the Proposed Doctor Defendants and the Proposed UMCH Defendants protest the purported "undue delay" by Mr. Audette in seeking leave to amend.  These defendants suggest that Mr. Audette had a "late dawning idea" (Proposed Doctor Defts. Opp. at 14), or

-3-

took a "wait-and-see-what-happens" approach (Proposed UMCH Defts. Opp. at 15), in asserting his claims and seeking leave to amend.    Contrary to these arguments, Mr. Audette's *pro bono* counsel pursued discovery diligently, and Mr. Audette sought leave to amend his complaint and assert his claims against the proposed new defendants as soon as he had completed the discovery that provided him with a good faith basis to do so.  *See, e.g., O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004) (holding that motion to amend reviewed under Rule 16(b) standard of "good cause" for delay emphasizes the diligence of the party seeking the amendment).

The Proposed Doctor Defendants argue that Mr. Audette "knew or should have known" about his claims against Ioana Bica, M.D. and David Stone, M.D. at the time his *pro bono* counsel were appointed on May 9, 2005.  Proposed Doctor Defts. Opp. at 1.  They go on to make the remarkable accusation that Mr. Audette (or his counsel) is somehow being "disingenuous" when he asserts that he did not learn until August 22, 2006 that Augustin Enaw, M.D. relied upon Dr. Bica's in connection with prescribing medication for Mr. Audette.   While Mr. Audette and his *pro bono* counsel may have had an indication -- either through experience or a review of Mr. Audette's medical records -- that medical care of prisoners at SBCC was poorly managed prior to August 22, 2006, they did not know (and could not be expected to know) that the medical director at SBCC would seek to deflect responsibility by relying solely upon a ***one-year-old recommendation*** by another doctor in connection with the decision to administer two drugs which, in combination, can result in serious harm or even death.  Mr. Audette should not be penalized because he proceeded cautiously in asserting serious claims for medical malpractice, and did not assert these

claims against the Proposed Doctor Defendants without first ensuring that he had a good faith basis to do so.

Mr. Audette has demonstrated the absence of prejudice to the Proposed Doctor Defendants in allowing the motion to amend -- the current defendants have taken <u>no</u> depositions, <u>no</u> expert reports have been exchanged, and <u>no</u> experts have been deposed.  As the Proposed Doctor Defendants concede, the statute of limitations has not run on Mr. Audette's claims against them.  Proposed Doctor Defts. Opp. at 14-15.  Tellingly, although the Proposed Doctor Defendants observe that Mr. Audette has taken a number of depositions, they do not indicate how the absence of their counsel at these depositions in any way prejudiced them.  It is Mr. Audette who will be seriously prejudiced if he is not granted leave to amend, as he will instead be forced to file a separate lawsuit against Dr. Bica and Dr. Stone, with the attendant risk of inconsistent outcomes as he pursues two separate lawsuits.  Moreover, contrary to the Proposed Doctor Defendants' purported concern for "the Court's interest in prompt resolution" (Proposed Doctor Defts. Opp. at 15), the burden of a limited extension of the discovery period in this case is far outweighed by the burden imposed on the judicial system by the solution that the Proposed Doctor Defendants propose -- two entirely separate trials.

Finally, the Proposed UMCH Defendants appear to take the position that Mr. Audette should have systematically filed motions to amend after completing each of his depositions of Mr. Schnabel, Dr. Tavares, and Ms. D'Antonio.  The Proposed UMCH Defendants are well aware of the difficulties Mr. Audette encountered in establishing what medical providers were present at the April 2005 Pain Management Committee Meeting (indeed, it appears from the quasi-summary judgment papers filed by the Proposed UMCH Defendants

that they deny that either Mr. Schnabel or Dr. Tavares was even at the meeting).  After months of discovery to try to resolve this issue -- occasioned primarily by UMCH's deliberate evasiveness on the topic, on September 25, 2006, Mr. Audette noticed a Rule 30(b)(6) deposition of a UMCH designee on the topic of, among other things, the Pain Management Committee.  That deposition was scheduled for October 26, 2006, but was continued -- as an accommodation to UMCH -- until November 15, 2006.  The Proposed UMCH Defendants fail to disclose in their Opposition that the UMCH Rule 30(b)(6) deposition designee was Ms. D'Antonio, and that as a result, Mr. Audette did not complete his discovery into the presence of medical care providers at the April 2005 Pain Management Committee until that deposition.[1]  Like the Proposed Doctor Defendants, the Proposed UMCH Defendants seem to argue that Mr. Audette should be penalized because he proceeded cautiously in asserting serious claims for violation of his constitutional rights, and did not assert these claims against the Proposed UMCH Defendants without first ensuring that he had a good faith basis to do so.

---

[1] It is noteworthy that Mr. Audette not only added defendants to his Second Amended Complaint, but also removed a defendant, Charles Black, as well, because his discovery established that Mr. Black was not present at the April 2005 Pain Management Committee meeting.

For the foregoing reasons, and the reasons set forth in his Motion to Amend, Mr. Audette respectfully requests that this Court grant his Motion to Amend.

Respectfully submitted,

**LLOYD F. AUDETTE,**

By his attorneys,

*/s/ T. Peter R. Pound*
Donald J. Savery, BBO #564975
Rheba Rutkowski, BBO #632799
Brandon L. Bigelow, BBO #651143
T. Peter R. Pound, BBO #657378
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: December 11, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel of record for each other party and upon counsel for proposed new defendants via the ECF/CM system on December 11, 2006.

*/s/ T. Peter R. Pound*
T. Peter R. Pound